**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
(Western Division)

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 1 6 2012

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

THOMAS ABBOTT, STEPHANIE AGEE,
NATHANIEL ALEXANDER, RAYMOND
ALEXANDER, HAROLD ALLEN,
TAMIKA ANDERSON, KHADIJAH
AQUIL, SANDRA BELL, CARL BOSTIC,
EDDIE BOYKIN, HOWARD BOYKIN,
THELMA BRADLY, RAY BRANCH,
AKESHA BRIDGES, NATASHA BROWN,
SHARON CARDEN, ENOVER CARSON,
DE SHERYLL CLARK, RAYMOND
COBBS, SAMMIE COGSHELL, YOSHIKO
COLLINS, ELLA CRAIG, JARRIAN
CRAVENS, MYRON CROMARTIE,
HERBERT CRUTCHFIELD, CHRISTINA
DANIELS, MARY DEWITT, DYLAN
DIXON, LASHE DIXON, ROLAND
EKSTROM, ALICIA ERVIN, MABLE
FAIR, MABLE FUTRELL, RICHARD
HARPER, KENNETH HARRIELL, CAROL
HARRIS, DANIELLE HARRIS, JAMES
HAYES, BERNICE HOLLY, THERESA
HOWARD, GREGORY HUGGINS,
RAVEN HUNTER, JULIANNE IVY,
KATANDRA JACKSON, DORIS
JOHNSON, RONALD JOHNSON, MARY
JONES, MICHELLE JONES, LLOYD
KELLEYBREW, JOHN E. LAMB, SR.,
CONNIE LEWIS, REGINALD
LOCKHARDT, COREY LOVELACE,
VICKIE MASSEY, LATANYA
MATTHEWS, CHESTER MAYS, TERRY
MCDANIEL, ARRELL MCKINNER,
BERTHA MITCHELL, CARLA MOORE,
EDDIE MOORE, SONYA MULDREW-
JACKSON, SHANISE OLIVER, SHARON
OLIVER, NATASHA POE, WALTER
PORTER, RITA POWERS, JEROME
PRICE, EDMOND RAWLS, J. LEE
ROBINSON, MARSENA ROCHELLE,

Civil Action No.: 4:12 cv 726 KGB

JURY TRIAL DEMANDED

This case assigned to District Judge _Baker_
and to Magistrate Judge_____ _Ray_

1

WALTER SCRUBBS, LYNNA SMITH,
TAMUELA SMITH, HERMAN
STEVENSON, STACY TALLEY,
MICHAEL THOMPSON, BILLY TRENT,
MILTON WASHINGTON, LYNELL
WEST, JONATHAN WESTMORELAND,
BARBARA WILLIAMS, JACK
WILLIAMS, JOHNNY WILLIAMS, ROSE
WILLIAMS, CYNFRANESIA WILLIAMS-
JACKSON, and BRUCE YANT,

        Plaintiffs,

   v.

FIRST STUDENT, INC.,

        Defendant.

## COMPLAINT

Plaintiffs: 1) Thomas Abbott; 2) Stephanie Agee; 3) Nathaniel Alexander; 4) Raymond
Alexander; 5) Harold Allen; 6) Tamika Anderson; 7) Khadijah Aquil; 8) Sandra Bell; 9) Carl
Bostic; 10) Eddie Boykin; 11) Howard Boykin; 12) Thelma Bradly; 13) Ray Branch; 14) Akesha
Bridges; 15) Natasha Brown; 16) Sharon Carden; 17) Enover Carson; 18) De Sheryll Clark; 19)
Raymond Cobbs; 20) Sammie Cogshell; 21) Yoshiko Collins; 22) Ella Craig; 23) Jarrian
Cravens; 24) Myron Cromartie; 25) Herbert Crutchfield; 26) Christina Daniels; 27) Mary Dewitt;
28) Dylan Dixon; 29) LaShe Dixon; 30) Roland Ekstrom; 31) Alicia Ervin; 32) Mable Fair; 33)
Mable Futrell; 34) Richard Harper; 35) Kenneth Harriell; 36) Carol Harris; 37) Danielle Harris;
38) James Hayes; 39) Bernice Holly; 40) Theresa Howard; 41) Gregory Huggins; 42) Raven
Hunter; 43) Julianne Ivy; 44) Katandra Jackson; 45) Doris Johnson; 46) Ronald Johnson; 47)
Mary Jones; 48) Michelle Jones; 49) Lloyd Kelleybrew; 50) John E. Lamb, Sr.; 51) Connie

2

Lewis; 52) Reginald Lockhardt; 53) Corey Lovelace; 54) Vickie Massey; 55) Latanya Matthews;

56) Chester Mays; 57) Terry McDaniel; 58) Arrell McKinner; 59) Bertha Mitchell; 60) Carla

Moore; 61) Eddie Moore; 62) Sonya Muldrew-Jackson; 63) Shanise Oliver; 64) Sharon Oliver;

65) Natasha Poe; 66) Walter Porter; 67) Rita Powers; 68) Jerome Price; 69) Edmond Rawls; 70)

J. Lee Robinson; 71) Marsena Rochelle; 72) Walter Scrubbs; 73) Lynna Smith; 74) Tamuela

Smith; 75) Herman Stevenson; 76) Stacy Talley; 77) Michael Thompson; 78) Billy Trent; 79)

Milton Washington; 80) Lynell West; 81) Jonathan Westmoreland; 82) Barbara Williams; 83)

Jack Williams; 84) Johnny Williams; 85) Rose Williams; 86) Cynfranesia Williams-Jackson; and

87) Bruce Yant (collectively, "Plaintiffs"), through their undersigned counsel, file this Complaint

(the "Complaint") against Defendant First Student, Inc. ("First Student" or "Defendant").

Plaintiffs allege upon personal knowledge, information and belief as follows:

## I. **INTRODUCTION**

1.  Plaintiffs bring this case against Defendant under federal law pursuant to the Fair

Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* (the "FLSA") for, *inter alia*, unpaid wages and

unpaid overtime wages, liquidated damages, and attorneys' fees and costs.

2.  Plaintiffs also bring this case for the purpose of obtaining relief under Arkansas

law for, *inter alia*, unpaid wages and unpaid overtime wages, under the Arkansas Minimum

Wage Act, Ark. Code Ann. §§ 11-4-201, *et seq.*, breach of contract, and unjust enrichment.

3.  This action is related to a previously filed lawsuit, *Douglas v. First Student, Inc.*,

No. 4:09-cv-00652 (E.D. Ark.) (the "Douglas Case"). Plaintiffs in this case are former opt-in

plaintiffs and were potential class members in the Douglas Case. The Court decertified the

conditionally certified FLSA class and did not certify a Rule 23 Class in the Douglas Case.

3

Accordingly, Plaintiffs now assert the claims that were asserted in the Douglas Case on an individual basis.

## II. JURISDICTION AND VENUE

4.     The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.  The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 and Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

5.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c).  The events giving rise to Plaintiffs' claims occurred within this judicial district.  Defendant resides in this judicial district and is subject to personal jurisdiction here.

## III. PARTIES

### A. Plaintiffs

6.     Plaintiff Thomas Abbott resides in Little Rock, Arkansas.  He worked for Defendant and its predecessor between approximately November 2005 and February 2009 as a driver.  In addition to driving students to and from school in the morning and afternoon, Plaintiff Abbott also regularly drove extra trips including field trips and athletic trips.  Between 2006 and 2009, Plaintiff Abbott occasionally drove metropolitan ("metro") runs as well.  Plaintiff Abbott often worked in excess of 40 hours per week, but did not receive overtime compensation as required by state and federal wage laws.  In addition, Defendant failed to pay Plaintiff Abbott for all straight-time hours at his promised hourly wage rate as required by state and federal wage laws.  Plaintiff Abbott filed an opt-in consent form to join the Douglas Case pursuant to 29 U.S.C. § 216(b).

7.     Plaintiff Stephanie Agee resides in Little Rock, Arkansas.  She worked for

Defendant and its predecessor from approximately 2001 to June 2008.  In addition to driving

students to and from school in the morning and afternoon, Plaintiff Agee also regularly drove

extra trips including field trips and athletic trips.  For three weeks in 2006, she also regularly

drove metro runs.   Plaintiff Agee regularly worked in excess of 40 hours per week, but did not

receive overtime compensation as required by state and federal wage laws.  In addition,

Defendant failed to pay Plaintiff Agee for all straight-time hours at her promised hourly wage

rate as required by state and federal wage laws.  Plaintiff Agee filed an opt-in consent form to

join the Douglas case pursuant to 29 U.S.C. § 216(b).

8.      Plaintiff Nathaniel Alexander resides in Little Rock, Arkansas.  He worked for

Defendant and its predecessor between approximately 2005 and 2007 as a driver.  In addition to

driving students to and from school in the morning and afternoon, Plaintiff Alexander also

regularly drove extra trips including athletic trips, field trips, metro runs, and late care runs.

Plaintiff Alexander worked in excess of 40 hours per week, but did not receive overtime

compensation as required by state and federal wage laws.  In addition, Defendant failed to pay

Plaintiff Alexander for all straight-time hours at his promised hourly wage rate as required by

state and federal wage laws.  Plaintiff Alexander filed an opt-in consent form to join the Douglas

case pursuant to 29 U.S.C. § 216(b).

9.      Plaintiff Raymond Alexander resides in Little Rock, Arkansas.  He started

working for Defendant and its predecessor in approximately April 1999 and currently works

there as a driver.  In addition to driving students to and from school in the morning and

afternoon, Plaintiff Alexander also regularly drove athletic trips.  Plaintiff Alexander

occasionally drove metro runs as well.  Prior to 2009, Plaintiff Alexander worked in excess of 40

hours per week, but did not receive overtime compensation as required by state and federal wage laws.  In addition, Defendant failed to pay Plaintiff Alexander for all straight-time hours at his promised hourly wage rate as required by state and federal wage laws.  Plaintiff Alexander filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

10.     Plaintiff Harold Allen resides in Little Rock, Arkansas.  He started working for Defendant and its predecessor in approximately 2007 and currently works there as a driver.  In addition to driving students to and from school in the morning and afternoon, between 2007 and 2010 Plaintiff Allen also regularly drove extra trips including field trips and athletic trips. Plaintiff Allen occasionally drove metro runs and performed dispatch work.  Plaintiff Allen often worked in excess of 40 hours per week, but did not receive overtime compensation as required by state and federal wage laws.  In addition, Defendant failed to pay Plaintiff Allen for all straight-time hours at his promised hourly wage rate as required by state and federal wage laws. Plaintiff Allen filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

11.     Plaintiff Tamika Anderson resides in Dallas, Texas.  She worked for Defendant and its predecessor between approximately 2006 and December 2008 as a driver.  In addition to driving students to and from school in the morning and afternoon, Plaintiff Anderson also regularly drove extra trips including athletic trips, field trips, and late care runs.  Plaintiff Anderson often worked in excess of 40 hours per week, but did not receive overtime compensation as required by state and federal wage laws.  In addition, Defendant failed to pay Plaintiff Anderson for all straight-time hours at her promised hourly wage rate as required by state and federal wage laws.  Plaintiff Anderson filed an opt-in consent form to join the Douglas

case pursuant to 29 U.S.C. § 216(b).

12.    Plaintiff Khadijah Aquil resides in Little Rock, Arkansas. She started working for Defendant and its predecessor in approximately December 2007 and currently works there as a driver. Between December 2007 and February 2008, Plaintiff Aquil was a substitute driver. After February 2008, Plaintiff Aquil was assigned a regular A.M. and P.M. route. In addition to driving students to and from school in the morning and afternoon, Plaintiff Aquil also regularly drove extra trips including athletic trips, field trips, late care runs, and metro runs. Plaintiff Aquil often worked in excess of 40 hours per week, but did not receive overtime compensation as required by state and federal wage laws. In addition, Defendant failed to pay Plaintiff Aquil for all straight-time hours at her promised hourly wage rate as required by state and federal wage laws. Plaintiff Aquil filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

13.    Plaintiff Sandra Bell resides in Little Rock, Arkansas. She worked for Defendant and its predecessor between approximately 2004 and October 2008 as a driver and trainer. In addition to driving students to and from school in the morning and afternoon, Plaintiff Bell worked as a trainer. In addition to driving and training, she regularly performed clerical work. Plaintiff Bell also regularly drove extra trips including metro runs. Plaintiff Bell occasionally drove field trips as well. Plaintiff Bell worked in excess of 40 hours per week, but did not receive overtime compensation as required by state and federal wage laws. In addition, Defendant failed to pay Plaintiff Bell for all straight-time hours at her promised hourly wage rate as required by state and federal wage laws. Plaintiff Bell filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

7

14.     Plaintiff Carl Bostic resides in Stockbridge, Georgia.  He worked for Defendant and its predecessor between approximately 2006 and January 2008 as a driver.  In addition to driving students to and from school every morning and afternoon, he also drove extra trips including field trips, late care trips, and athletic trips.  He regularly worked in excess of 40 hours per week, but did not receive overtime compensation as required by state and federal wage laws.  In addition, Defendant failed to pay Plaintiff Bostic for all straight-time hours at his promised hourly wage rate as required by state and federal wage laws.  Plaintiff Bostic filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

15.     Plaintiff Eddie Boykin resides in Little Rock, Arkansas.  She worked for Defendant and its predecessor between approximately 2001 and January 2008 as a driver.  In addition to driving students to and from school in the morning and afternoon, Plaintiff Boykin also regularly drove extra trips including athletic trips, field trips, and late care runs.  Plaintiff Boykin occasionally worked as a trainer as well.  Plaintiff Boykin often worked in excess of 40 hours per week, but did not receive overtime compensation as required by state and federal wage laws.  In addition, Defendant failed to pay Plaintiff Boykin for all straight-time hours at her promised hourly wage rate as required by state and federal wage laws.  Plaintiff Boykin filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

16.     Plaintiff Howard Boykin resides in Little Rock, Arkansas.  He worked for Defendant and its predecessor between approximately 2008 and January 2010 as a driver.  In addition to driving students to and from school in the morning and afternoon, Plaintiff Boykin also regularly drove extra trips including athletic trips five days per week.  Plaintiff Boykin often worked in excess of 40 hours per week, but did not receive overtime compensation as required

8

by state and federal wage laws.  In addition, Defendant failed to pay Plaintiff Boykin for all straight-time hours at his promised hourly wage rate as required by state and federal wage laws. Plaintiff Boykin filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

17.    Plaintiff Thelma Bradly resides in Little Rock, Arkansas.  She worked for Defendant and its predecessor between approximately October 2004 and September 2010 as a driver.  In addition to driving students to and from school in the morning and afternoon, Plaintiff Bradly also regularly drove extra trips including athletic trips, late care runs, and field trips.  She also regularly performed clerical work.  Plaintiff Bradly occasionally drove metro runs and worked as a dispatcher as well.  Plaintiff Bradly often worked in excess of 40 hours per week, but did not receive overtime compensation as required by state and federal wage laws.  In addition, Defendant failed to pay Plaintiff Bradly for all straight-time hours at her promised hourly wage rate as required by state and federal wage laws.  Plaintiff Bradly filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

18.    Plaintiff Ray Branch resides in Little Rock, Arkansas.  He started working for Defendant and its predecessor between approximately 2003 and approximately October 2012.  In addition to driving students to and from school in the morning and afternoon, Plaintiff Branch also regularly drove extra trips including athletic trips and field trips.  Plaintiff Branch occasionally drove metro runs and late care runs as well.  Plaintiff  Branch often worked in excess of 40 hours per week, but did not receive overtime compensation as required by state and federal wage laws.  In addition, Defendant failed to pay Plaintiff Branch for all straight-time hours at his promised hourly wage rate as required by state and federal wage laws.  Plaintiff

Branch filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

19.    Plaintiff Akesha Bridges resides in Little Rock, Arkansas.  She worked there from approximately August 2006 until November 2008.  In addition to driving students to and from school in the morning and afternoon, Plaintiff Bridges also regularly drove atheletic trips.  She occasionally drove field trips as well.  Plaintiff Bridges often worked in excess of 40 hours per week, but did not receive overtime compensation as required by state and federal wage laws.  Plaintiff Bridges filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

20.    Plaintiff Natasha Brown resides in Little Rock, Arkansas.  She worked for Defendant and its predecessor between approximately 2000 and 2007.  In addition to driving students to and from school in the morning and afternoon, Plaintiff Brown also regularly drove extra trips including field trips, athletic trips, and late care runs.  In 2006 and 2007, Plaintiff Brown also regularly performed clerical duties. Plaintiff Brown frequently worked in excess of 40 hours per week, but did not receive overtime compensation as required by state and federal wage laws.  In addition, Defendant failed to pay Plaintiff Brown for all straight-time hours at her promised hourly wage rate as required by state and federal wage laws.  Plaintiff Brown filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

21.    Plaintiff Sharon Carden resides in Little Rock, Arkansas. She worked for Defendant and its predecessor between approximately 2008 and 2009 as a driver.  In addition to driving students to and from school in the morning and afternoon, Plaintiff Carden occasionally drove extra trips including field trip and athletic trips.  Plaintiff Carden worked in excess of 40 hours per week, but did not receive overtime compensation as required by state and federal wage

laws. Defendant failed to pay Plaintiff Carden for all straight-time hours at her promised hourly wage rate as required by state and federal wage laws. Plaintiff Carden filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

22.     Plaintiff Enover Carson resides in North Little Rock, Arkansas. He worked for Defendant and its predecessor between approximately September 2007 and August 2011 as a driver. In addition to driving students to and from school in the morning and afternoon, Plaintiff Carson also regularly drove extra trips including athletic trips and field trips. Plaintiff Carson occasionally drove metro runs, and worked as a trainer and dispatcher as well. Plaintiff Carson often worked in excess of 40 hours per week, but did not receive overtime compensation as required by state and federal wage laws. In addition, Defendant failed to pay Plaintiff Carson for all straight-time hours at his promised hourly wage rate as required by state and federal wage laws. Plaintiff Carson filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

23.     Plaintiff De Sheryll Clark resides in Little Rock, Arkansas. She worked for Defendant and its predecessor between approximately November 2008 and August 2010 as a driver. During the 2008-2009 school year, Plaintiff Clark was a substitute driver. During the 2009-2010 school year, Plaintiff Clark was assigned a regular bus route. In addition to driving students to and from school in the morning and afternoon, Plaintiff Clark also regularly drove extra trips including field trips, late care runs, and athletic trips. Plaintiff Clark occasionally drove metro runs as well. Plaintiff Clark worked in excess of 40 hours per week, but did not receive overtime compensation as required by state and federal wage laws. In addition, Defendant failed to pay Plaintiff Clark for all straight-time hours at her promised hourly wage

rate as required by state and federal wage laws.  Plaintiff Clark filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

24.     Plaintiff Raymond Cobbs resides in Little Rock, Arkansas.  He worked for Defendant and its predecessor between approximately 1999 and 2009 as a driver.  In addition to driving students to and from school in the morning and afternoon, Plaintiff Cobbs also regularly drove extra trips including athletic trips.  Between 2006 and 2009, Plaintiff Cobbs occasionally drove field trips as well.  Plaintiff Cobbs often worked in excess of 40 hours per week, but did not receive overtime compensation as required by state and federal wage laws.  In addition, Defendant failed to pay Plaintiff Cobbs for all straight-time hours at his promised hourly wage rate as required by state and federal wage laws.  Plaintiff Cobbs filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

25.     Plaintiff Sammie Cogshell resides in Little Rock, Arkansas. He worked for Defendant and its predecessor from approximately 2002 until 2007 as a driver.  Plaintiff Cogshell drove students to and from school in the morning and afternoon.  Plaintiff Cogshell worked in excess of 40 hours per week, but did not receive overtime compensation as required by state and federal wage laws.  Plaintiff Cogshell filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

26.     Plaintiff Yoshiko Collins resides in Little Rock, Arkansas. She started working for Defendant and its predecessor in approximately June 2007 and currently works there as a driver.  In addition to driving students to and from school in the morning and afternoon, Plaintiff Collins also regularly drove extra trips including late care runs and athletic trips.  Plaintiff Collins occasionally drove field trips as well.   Plaintiff Collins often worked in excess of 40

hours per week, but did not receive overtime compensation as required by state and federal wage laws. In addition, Defendant failed to pay Plaintiff Collins for all straight-time hours at her promised hourly wage rate as required by state and federal wage laws. Plaintiff Collins filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

27.     Plaintiff Ella Craig resides in Little Rock, Arkansas. She worked for Defendant and its predecessor from approximately November 2003 until June 2010 as a driver. In addition to driving students to and from school in the morning and afternoon, Plaintiff Craig also regularly drove extra trips including athletic trips five or six days per week. She occasionally drove field trips and late care runs as well. Prior to 2008, Plaintiff Craig regularly worked in excess of 40 hours per week, but did not receive compensation as required by state and federal wage laws. In addition, prior to 2008, Defendant failed to pay Plaintiff Craig for all straight-time hours at her promised hourly wage rate as required by state and federal wage laws. Plaintiff Craig filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

28.     Plaintiff Jarrian Cravens resides in Little Rock, Arkansas. He worked for Defendant and its predecessor from approximately 2000 until 2009. Between 2006 and 2009, in addition to driving students to and from school in the morning and afternoon, Plaintiff Cravens also regularly drove athletic trips. He occasionally drove field trips as well. Plaintiff Cravens regularly worked in excess of 40 hours per week, but did not receive compensation as required by state and federal wage laws. In addition, Defendant failed to pay Plaintiff Cravens for all straight-time hours at his promised hourly wage rate as required by state and federal wage laws. Plaintiff Cravens filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

29.     Plaintiff Myron Cromartie resides in Mabelvale, Arkansas.  He worked for Defendant and its predecessor between approximately February 2009 and November 2011 as a driver.  In addition to driving students to and from school in the morning and afternoon, Plaintiff Cromartie also regularly drove extra trips including athletic trips and field trips.  Plaintiff Cromartie occasionally drove metro and late care runs as well.  He also worked as a recruiter for Defendant.  In 2011, he performed clerical work.  Plaintiff Cromartie often worked in excess of 40 hours per week, but did not receive overtime compensation as required by state and federal wage laws.  In addition, Defendant failed to pay Plaintiff Cromartie for all straight-time hours at his promised hourly wage rate as required by state and federal wage laws.  Plaintiff Cromartie filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

30.     Plaintiff Herbert Crutchfield resides in Little Rock, Arkansas.  He worked for Defendant and its predecessor between approximately 2006 and 2010 as a driver.  In addition to driving students to and from school in the morning and afternoon, Plaintiff Crutchfield also regularly drove extra trips including athletic trips, field trips, metro runs and late care runs.  Plaintiff Crutchfield occasionally worked as a trainer as well.  Plaintiff Crutchfield often worked in excess of 40 hours per week, but did not receive overtime compensation as required by state and federal wage laws.  In addition, Defendant failed to pay Plaintiff Crutchfield for all straight-time hours at his promised hourly wage rate as required by state and federal wage laws.  Plaintiff Crutchfield filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

31.     Plaintiff Christina Daniels resides in Little Rock, Arkansas.  She worked for Defendant and its predecessor from 2004 to November 2008.  In addition to driving students to and from school in the morning and afternoon, Plaintiff Daniels regularly drove extra trips

14

including athletic trips.  Plaintiff Daniels also occasionally drove late care runs and field trips.

Plaintiff Daniels often worked in excess of 40 hours per week, but did not receive overtime

compensation as required by state and federal wage laws.  In addition, Defendant failed to pay

Plaintiff Daniels for all straight-time hours at her promised hourly wage rate as required by state

and federal wage laws.

32.      Plaintiff Mary Dewitt resides in Little Rock, Arkansas.  She worked for

Defendant and its predecessor between approximately 2001 and 2007 as a driver.  In addition to

driving students to and from school in the morning and afternoon, Plaintiff Dewitt also regularly

drove extra trips including athletic trips and field trips.  Plaintiff Dewitt occasionally performed

clerical work, and drove late care runs and metro runs as well.  Plaintiff Dewitt often worked in

excess of 40 hours per week, but did not receive overtime compensation as required by state and

federal wage laws.  In addition, Defendant failed to pay Plaintiff Dewitt for all straight-time

hours at her promised hourly wage rate as required by state and federal wage laws.  Plaintiff

Dewitt filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

33.      Plaintiff Dylan Dixon resides in Little Rock, Arkansas.  He started working for

Defendant and its predecessor in approximately April 1999 and currently works there as a driver

and trainer.  Between driving students to and from school in the morning and afternoon, he

worked as a trainer.  In addition to training and driving, Plaintiff Dixon also regularly drove extra

trips including athletic trips five days per week.  Plaintiff Dixon often worked in excess of 40

hours per week, but did not receive overtime compensation as required by state and federal wage

laws.  In addition, Defendant failed to pay Plaintiff Dixon for all straight-time hours at his

promised hourly wage rate as required by state and federal wage laws.  Plaintiff Dixon filed an

opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

34. Plaintiff LaShe Dixon resides in Little Rock, Arkansas. She worked for Defendant and its predecessor from approximately 2001 until 2003, and then she returned in approximately 2005 and currently works for Defendant as a driver and trainer. Between driving students to and from school in the morning and afternoon, she worked as a trainer five days per week. In addition to training and driving, Plaintiff Dixon also regularly drove extra trips including late care runs and athletic trips. She occasionally drove field trips as well. From 2006 until 2010, she also performed clerical work for Defendant. Plaintiff Dixon often worked in excess of 40 hours per week, but did not receive overtime compensation as required by state and federal wage laws. In addition, Defendant failed to pay Plaintiff Dixon for all straight-time hours at her promised hourly wage rate as required by state and federal wage laws. Plaintiff Dixon filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

35. Plaintiff Roland Ekstrom resides in Little Rock, Arkansas. He worked for Defendant and its predecessor between approximately 2001 and 2009 as a driver. In addition to driving students to and from school in the morning and afternoon, Plaintiff Ekstrom also regularly drove extra trips including athletic trips. Between 2006 and 2009, Plaintiff Ekstrom occasionally drove late care runs and field trips as well. Plaintiff Ekstrom often worked in excess of 40 hours per week, but did not receive overtime compensation as required by state and federal wage laws. In addition, Defendant failed to pay Plaintiff Ekstrom for all straight-time hours at his promised hourly wage rate as required by state and federal wage laws. Plaintiff Ekstrom filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

36. Plaintiff Alicia Ervin resides in Little Rock, Arkansas. She started working for

Defendant and its predecessor in approximately 1999 and currently works there as a driver. In addition to driving students to and from school in the morning and afternoon, Plaintiff Ervin also regularly drove extra trips including field trips, late care runs, and athletic trips. Plaintiff Ervin occasionally drove metro runs as well. Plaintiff Ervin worked in excess of 40 hours per week, but did not receive overtime compensation as required by state and federal wage laws. In addition, Defendant failed to pay Plaintiff Ervin for all straight-time hours at her promised hourly wage rate as required by state and federal wage laws. Plaintiff Ervin filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

37.     Plaintiff Mable Fair resides in Alexandria, Arkansas. She worked for Defendant and its predecessor between approximately 1990 and November 2007 as a substitute driver. Between driving students to and from school in the morning and afternoon, she regularly drove extra trips including metro runs, late care runs, and athletic trips. Plaintiff Fair often worked in excess of 40 hours per week, but did not receive overtime compensation as required by state and federal wage laws. In addition, Defendant failed to pay Plaintiff Fair for all straight-time hours at her promised hourly wage rate as required by state and federal wage laws. Plaintiff Fair filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

38.     Plaintiff Mable Futrell resides in Sherwood, Arkansas. She started working for Defendant and its predecessor in approximately 1992 and currently works there as a driver. In addition to driving students to and from school in the morning and afternoon, from 2006 until 2010, Plaintiff Futrell also regularly drove extra trips including athletic trips, metro runs, and field trips. From 2006 until 2010, Plaintiff Futrell occasionally trained other drivers and drove late care runs. During the 2006-2007 school year, she also regularly performed dispatch work in

17

the evenings.  During the 2009-2010 school year, Plaintiff Futrell regularly performed janitorial duties every evening.  Plaintiff Futrell often worked in excess of 40 hours per week, but did not receive overtime compensation as required by state and federal wage laws.  In addition, Defendant failed to pay Plaintiff Futrell for all straight-time hours at her promised hourly wage rate as required by state and federal wage laws.  Plaintiff Futrell filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

39.    Plaintiff Richard Harper resides in North Little Rock, Arkansas.  He started working for Defendant and its predecessor in approximately 2007 and currently works there as a driver. In addition to driving students to and from school in the morning and afternoon, Plaintiff Harper also regularly drove extra trips including field trips and athletic trips.  Between 2006 and 2010, Plaintiff Harper occasionally drove metro runs and late care runs as well.  Plaintiff Harper often worked in excess of 40 hours per week, but did not receive overtime compensation as required by state and federal wage laws.  In addition, Defendant failed to pay Plaintiff Harper for all straight-time hours at his promised hourly wage rate as required by state and federal wage laws.  Plaintiff Harper filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

40.    Plaintiff Kenneth Harriell resides in Little Rock, Arkansas.  He started working for Defendant and its predecessor from approximately 2006 until 2009 as a driver. In addition to driving students to and from school in the morning and afternoon, Plaintiff Harriell also regularly drove extra trips including field trips and athletic trips.  Plaintiff Harriell worked in excess of 40 hours per week, but did not receive overtime compensation as required by state and federal wage laws.  In addition, Defendant failed to pay Plaintiff Harriell for all straight-time hours at his

18

promised hourly wage rate as required by state and federal wage laws.  Plaintiff Harriell filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

41.     Plaintiff Carol Harris resides in Little Rock, Arkansas.  She worked for Defendant and its predecessor from approximately 1989 until 1995, and then returned in approximately 1997 and currently works there as a driver. In addition to driving students to and from school in the morning and afternoon, Plaintiff Harris also regularly drove field trips, metro runs, late care runs, and athletic trips.  She regularly performed clerical work as well.  She often worked in excess of 40 hours per week, but did not receive compensation as required by state and federal wage laws.  Plaintiff Harris filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

42.     Plaintiff Danielle Harris resides in Little Rock, Arkansas.  She worked for Defendant and its predecessor from approximately October 2008 until July 2010 as a driver. Between driving students to and from school in the morning and afternoon, Plaintiff Harris also regularly drove extra trips including late care runs and athletic trips.  She occasionally drove field trips as well.  Plaintiff Harris worked in excess of 40 hours per week, but did not receive overtime compensation as required by state and federal wage laws.  In addition, Defendant failed to pay Plaintiff Harris for all straight-time hours at her promised hourly wage rate as required by state and federal wage laws.  Plaintiff Harris filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

43.     Plaintiff James Hayes resides in North Little Rock, Arkansas.  He started working for Defendant and its predecessor in approximately 1995 and currently works there.  Between 2006 and 2010, he regularly worked as a trainer.  Plaintiff Hayes trained drivers on the bus by

19

taking and students to and from school, he also trained in the classroom.  Between 2006 and
2010, Plaintiff Hayes occasionally worked in excess of 40 hours per week, but did not receive
compensation as required by state and federal wage laws.  In addition, Defendant failed to pay
Plaintiff Hayes for all straight-time hours at his promised hourly wage rate as required by state
and federal wage laws.  Plaintiff Hayes filed an opt-in consent form to join the Douglas case
pursuant to 29 U.S.C. § 216(b).

      44.     Plaintiff Bernice Holly resides in Pine Bluff, Arkansas.  She worked for
Defendant and its predecessor between approximately 2006 and 2009 as a driver.  Between
driving students to and from school in the morning and afternoon, Plaintiff Holly regularly drove
extra trips including metro runs, late care runs, and athletic trips.  Plaintiff Holly often worked in
excess of 40 hours per week, but did not receive overtime compensation as required by state and
federal wage laws.  In addition, Defendant failed to pay Plaintiff Holly for all straight-time hours
at her promised hourly wage rate as required by state and federal wage laws.  Plaintiff Holly filed
an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

      45.     Plaintiff Theresa Howard resides in Little Rock, Arkansas.  She started working
for Defendant and its predecessor in approximately 2005 and currently works there as a driver.
In addition to driving students to and from school in the morning and afternoon, Plaintiff Howard
also regularly drove extra trips including field trips, late care runs and athletic trips.  Plaintiff
Howard occasionally drove metro runs as well.   Plaintiff Howard often worked in excess of 40
hours per week, but did not receive overtime compensation as required by state and federal wage
laws.  In addition, Defendant failed to pay Plaintiff Howard for all straight-time hours at her
promised hourly wage rate as required by state and federal wage laws.  Plaintiff Howard filed an

opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

46.     Plaintiff Gregory Huggins resides in Little Rock, Arkansas.  He worked for Defendant and its predecessor from approximately 2005 until 2007 as a driver.  In addition to driving students to and from school in the morning and afternoon, Plaintiff Huggins also occasionally drove extra trips including field trips, metro runs, and athletic trips.  Plaintiff Huggins worked in excess of 40 hours per week, but did not receive overtime compensation as required by state and federal wage laws.  Plaintiff Huggins filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

47.     Plaintiff Raven Hunter resides in Little Rock, Arkansas. He started working for Defendant and its predecessor in approximately November 2001 and currently works there as a driver.  In addition to driving students to and from school in the morning and afternoon, Plaintiff Hunter also regularly drove extra trips including athletic trips.  Plaintiff Hunter often worked in excess of 40 hours per week, but did not receive overtime compensation as required by state and federal wage laws.  Plaintiff Hunter filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

48.     Plaintiff Julianne Ivy resides in Little Rock, Arkansas.  She worked for Defendant and its predecessor between approximately 1997 and July 2008 as a driver and trainer.  Between driving students to and from school in the morning and afternoon, she worked as a trainer at least one day per week.  In addition to training and driving, Plaintiff Ivy also regularly drove extra trips including late care runs, metro, and athletic trips.  Plaintiff Ivy often worked in excess of 40 hours per week, but did not receive overtime compensation as required by state and federal wage laws.  In addition, Defendant failed to pay Plaintiff Ivy for all straight-time hours at her promised

hourly wage rate as required by state and federal wage laws.  Plaintiff Ivy filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

49.     Plaintiff Katandra Jackson resides in Little Rock, Arkansas.  She started working for Defendant and its predecessor in approximately August 1995 and currently works there as a driver.  From 2006 until 2009, between driving students to and from school in the morning and afternoon, Plaintiff Jackson regularly drove extra trips including athletic trips.  Prior to 2009, Plaintiff Jackson often worked in excess of 40 hours per week, but did not receive overtime compensation as required by state and federal wage laws.  In addition, Defendant failed to pay Plaintiff Jackson for all straight-time hours at her promised hourly wage rate as required by state and federal wage laws.  Plaintiff Jackson filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

50.     Plaintiff Doris Johnson resides in Little Rock, Arkansas.  She started working for Defendant and its predecessor in approximately 1995 and currently works there as a driver. Between driving students to and from school in the morning and afternoon, Plaintiff Johnson also regularly drove extra trips including metro runs and athletic trips.  Plaintiff Johnson occasionally drove late care runs and performed dispatch duties.  She often worked in excess of 40 hours per week, but did not receive overtime compensation as required by state and federal wage laws.  Plaintiff Johnson filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

51.     Plaintiff Ronald Johnson resides in Little Rock, Arkansas.  He started working for Defendant and its predecessor in approximately 1996 and currently works there as a driver and trainer.  Between driving students to and from school in the morning and afternoon, he worked as

a trainer at least one day per week.  In addition to training and driving, Plaintiff Johnson also

regularly drove extra trips including field trips and athletic trips.  Plaintiff Johnson often worked

in excess of 40 hours per week, but did not receive overtime compensation as required by state

and federal wage laws.  In addition, Defendant failed to pay Plaintiff Johnson for all straight-

time hours at his promised hourly wage rate as required by state and federal wage laws.  Plaintiff

Johnson filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

52.     Plaintiff Mary Jones resides in Little Rock, Arkansas.  She worked for Defendant

and its predecessor between approximately 1989 and August 2012 as a driver.  In addition to

driving students to and from school in the morning and afternoon, Plaintiff Jones also regularly

drove extra trips including field trips, late care runs, and athletic trips.  She occasionally drove

metro runs and performed dispatch work as well.  Plaintiff Jones often worked in excess of 40

hours per week, but did not receive overtime compensation as required by state and federal wage

laws.  In addition, Defendant failed to pay Plaintiff Jones for all straight-time hours at her

promised hourly wage rate as required by state and federal wage laws.  Plaintiff Jones filed an

opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

53.     Plaintiff Michelle Jones resides in Little Rock, Arkansas.  She started working for

Defendant and its predecessor in approximately 1997 and currently works there as a driver.

Between 2007 and 2009, Plaintiff Jones was a substitute driver.  In the 2009-2010 school year,

Plaintiff Jones was assigned a regular A.M. and P.M. route.  In addition to driving students to

and from school in the morning and afternoon, Plaintiff Jones also regularly drove extra trips

including field trips, late care runs, and athletic trips.  In 2008 and 2009, she occasionally drove

metro runs.  In 2006 and 2007, she occasionally worked as a recruiter for Defendant as well.

23

Plaintiff Jones often worked in excess of 40 hours per week, but did not receive overtime compensation as required by state and federal wage laws.  In addition, Defendant failed to pay Plaintiff Jones for all straight-time hours at her promised hourly wage rate as required by state and federal wage laws.  Plaintiff Jones filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

54.      Plaintiff Lloyd Kelleybrew resides in Scott, Arkansas.  He started working for Defendant and its predecessor in approximately 2003 and currently works there as a driver.  In addition to driving students to and from school in the morning and afternoon, Plaintiff Kelleybrew regularly drove extra trips including metro runs and athletic trips.  Plaintiff Kelleybrew occasionally drove field trips and late care runs as well.  From 2006 until 2009, between his morning and afternoon runs, Plaintiff Kelleybrew worked as a recruiter for Defendant five days per week.  Plaintiff Kelleybrew often worked in excess of 40 hours per week, but did not receive overtime compensation as required by state and federal wage laws.  In addition, Defendant failed to pay Plaintiff Kelleybrew for all straight-time hours at his promised hourly wage rate as required by state and federal wage laws.  Plaintiff Kelleybrew filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

55.      Plaintiff John E. Lamb, Sr., resides in Little Rock, Arkansas.  He worked for Defendant and its predecessor between approximately March 2005 and 2007 as a driver.  In addition to driving students to and from school in the morning and afternoon, Plaintiff Lamb also regularly drove extra trips including field trips and athletic trips.  During football season, Plaintiff Lamb often worked in excess of 40 hours per week, but did not receive overtime compensation as required by state and federal wage laws.  In addition, Defendant failed to pay

24

Plaintiff Lamb for all straight-time hours at his promised hourly wage rate as required by state and federal wage laws. Plaintiff Lamb filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

56.     Plaintiff Connie Lewis resides in Pinebluff, Arkansas. She started working for Defendant and its predecessor in approximately 1994 and continues to work there as a driver. In addition to driving students to and from school in the morning and afternoon, Plaintiff Lewis also regularly drove athletic trips and late care runs. She occasionally drove field trips and metro runs as well. Plaintiff Lewis also regularly performed dispatch, training, and clerical work. She often worked in excess of 40 hours per week, but did not receive compensation as required by state and federal wage laws. Plaintiff Lewis filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

57.     Plaintiff Reginald Lockhardt resides in Little Rock, Arkansas. He worked for Defendant and its predecessor from approximately February 1994 until January 2007. In addition to driving students to and from school in the morning and afternoon, Plaintiff Lockhardt also regularly drove extra trips including metro runs and late care runs. He often worked in excess of 40 hours per week, but did not receive compensation as required by state and federal wage laws. Plaintiff Lockhardt filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

58.     Plaintiff Corey Lovelace resides in Little Rock, Arkansas. He worked for Defendant and its predecessor from approximately December 2001 until April 2006, and then from September 2007 until February 2012 as a driver. In addition to driving students to and from school in the morning and afternoon, Plaintiff Lovelace also regularly drove extra trips

25

including athletic trips.  Plaintiff Lovelace occasionally drove metro runs and worked as a trainer as well.  Plaintiff Lovelace often worked in excess of 40 hours per week, but did not receive overtime compensation as required by state and federal wage laws.  In addition, Defendant failed to pay Plaintiff Lovelace for all straight-time hours at his promised hourly wage rate as required by state and federal wage laws.  Plaintiff Lovelace filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

59.     Plaintiff Vickie Massey resides in North Little Rock, Arkansas.  She worked for Defendant and its predecessor from approximately May 2003 until August 2007 as a driver.  In addition to driving students to and from school in the morning and afternoon, Plaintiff Massey also regularly drove extra trips including athletic trips.  Plaintiff Massey occasionally drove field trips as well.  Plaintiff Massey worked in excess of 40 hours per week, but did not receive overtime compensation as required by state and federal wage laws.  In addition, Defendant failed to pay Plaintiff Massey for all straight-time hours at his promised hourly wage rate as required by state and federal wage laws.  Plaintiff Massey filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

60.     Plaintiff Latanya Matthews resides in Little Rock Arkansas. She started working for Defendant and its predecessor in approximately 1996 and currently works there as a driver.  In addition to driving students to and from school in the morning and afternoon, Plaintiff Matthews also regularly drove extra trips including field trips and athletic trips.  Plaintiff Matthews occasionally drove metro runs and worked as a trainer as well.   Plaintiff Matthews worked in excess of 40 hours per week, but did not receive overtime compensation as required by state and federal wage laws.  In addition, Defendant failed to pay Plaintiff Matthews for all

straight-time hours at her promised hourly wage rate as required by state and federal wage laws. Plaintiff Matthews filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

61.    Plaintiff Chester Mays resides in Little Rock, Arkansas. He worked for Defendant and its predecessor between approximately 2000 and 2010. In addition to driving students to and from school in the morning and afternoon, Plaintiff Mays also regularly drove extra trips including field trips, metro runs, late care runs, and athletic trips. Plaintiff Mays also regularly performed training work, and occasionally performed clerical work. He often worked in excess of 40 hours per week, but did not receive compensation as required by state and federal wage laws. Plaintiff Mays filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

62.    Plaintiff Terry McDaniel, Sr., resides in Little Rock, Arkansas. He worked for Defendant and its predecessor between approximately July 2008 and June 2010 as a driver. In addition to driving students to and from school in the morning and afternoon, Plaintiff McDaniel also regularly drove athletic trips. Plaintiff McDaniel occasionally drove field trips and late care runs as well. Plaintiff McDaniel often worked in excess of 40 hours per week, but did not receive overtime compensation as required by state and federal wage laws. In addition, Defendant failed to pay Plaintiff McDaniel for all straight-time hours at his promised hourly wage rate as required by state and federal wage laws. Plaintiff McDaniel filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

63.    Plaintiff Arrell McKinner resides in Little Rock, Arkansas. She worked for Defendant between approximately November 2009 and February 2012 as a driver. In 2010, in

addition to driving students to and from school in the morning and afternoon, Plaintiff McKinner drove extra trips including field trips, athletic trips, and metro runs. During the first half of 2010, she also drove trips every other Saturday as part of the "THRIVE" program. In 2010, Plaintiff McKinner worked in excess of 40 hours per week, but did not receive overtime compensation as required by state and federal wage laws. Plaintiff McKinner filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

64.     Plaintiff Bertha Mitchell resides in New Orleans, Louisiana. She worked for Defendant and its predecessor between approximately August 2008 and March 2012 as a driver. In addition to driving students to and from school in the morning and afternoon, Plaintiff Mitchell also regularly drove extra trips including field trips and athletic trips. Plaintiff Mitchell occasionally drove late care runs as well. Plaintiff Mitchell often worked in excess of 40 hours per week, but did not receive overtime compensation as required by state and federal wage laws. In addition, Defendant failed to pay Plaintiff Mitchell for all straight-time hours at her promised hourly wage rate as required by state and federal wage laws. Plaintiff Mitchell filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

65.     Plaintiff Carla Moore resides in Little Rock, Arkansas. She started working for Defendant and its predecessor in approximately 1997 and currently works there as a driver. In addition to driving students to and from school in the morning and afternoon, Plaintiff Moore also regularly drove metro runs. She performed training and clerical work almost every day as well. She worked in excess of 40 hours per week several times a month, but did not receive overtime compensation as required by state and federal wage laws. Plaintiff Moore filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

66.     Plaintiff Eddie Moore resides in Little Rock, Arkansas. He worked for Defendant and its predecessor between approximately June 2005 and October 2009 as a driver. In addition to driving students to and from school in the morning and afternoon, Plaintiff Moore also regularly drove extra trips including field trips and athletic trips. Between 2006 and 2009, Plaintiff Moore occasionally drove metro runs and late care runs as well. Plaintiff Moore often worked in excess of 40 hours per week, but did not receive overtime compensation as required by state and federal wage laws. In addition, Defendant failed to pay Plaintiff Moore for all straight-time hours at his promised hourly wage rate as required by state and federal wage laws. Plaintiff Moore filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

67.     Plaintiff Sonya Muldrew-Jackson resides in Maumelle, Arkansas. She started working for Defendant and its predecessor in approximately 2003 and currently works there as a driver. In addition to driving students to and from school in the morning and afternoon, Plaintiff Muldrew-Jackson also regularly drove extra trips including athletic trips and field trips. She also regularly drove a Sylvan Learning Center run on a regular basis throughout the 2006-2007 school year. Plaintiff Muldrew-Jackson occasionally worked in excess of 40 hours per week, but did not receive overtime compensation as required by state and federal wage laws. Plaintiff Muldrew-Jackson filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

68.     Plaintiff Shanise Oliver resides in Little Rock, Arkansas. She started working for Defendant and its predecessor in approximately 2005 and currently works there as a driver. In addition to driving students to and from school in the morning and afternoon, Plaintiff Oliver

also regularly drove extra trips including athletic trips from 2006 to 2010 and late care runs from

2009 to 2010. Plaintiff Oliver occasionally drove field trips during the 2007-2008 and 2009-2010

school years as well. Plaintiff Oliver frequently worked in excess of 40 hours per week, but did

not receive overtime compensation as required by state and federal wage laws. In addition,

Defendant failed to pay Plaintiff Oliver from 2006 to 2008 for all straight-time hours at her

promised hourly wage rate as required by state and federal wage laws. Plaintiff Oliver filed an

opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

69.     Plaintiff Sharon Oliver resides in Little Rock, Arkansas. She worked for

Defendant and its predecessor between approximately June 2006 and December 2009 as a driver.

In addition to driving students to and from school in the morning and afternoon, Plaintiff Oliver

also regularly drove extra trips including late care runs and athletic trips. Plaintiff Oliver

occasionally drove field trips as well. In 2007, Plaintiff Oliver often worked in excess of 40

hours per week, but did not receive overtime compensation as required by state and federal wage

laws. In addition, Defendant failed to pay Plaintiff Oliver for all straight-time hours at her

promised hourly wage rate as required by state and federal wage laws. Plaintiff Oliver filed an

opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

70.     Plaintiff Natasha Poe resides in Little Rock, Arkansas. She worked for Defendant

and its predecessor from approximately 2001 to 2004, and then started working for Defendant

again as a driver from approximately 2008 until 2012. In addition to driving students to and

from school in the morning and afternoon, Plaintiff Poe regularly drove athletic trips from 2008

to 2010. She also occasionally performed other extra trips including field trips, late care runs

and metro runs during the same time. Starting in the 2012 school year, Plaintiff Poe began her

30

role as the payroll manager.  Plaintiff Poe occasionally worked in excess of 40 hours per week, but did not receive overtime compensation as required by state and federal wage laws.  In addition, Defendant failed to pay Plaintiff Poe for all straight-time hours at her promised hourly wage rate as required by state and federal wage laws.  Plaintiff Poe filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

71.     Plaintiff Walter Porter resides in Little Rock, Arkansas.  He worked for Defendant and its predecessor between approximately August 2000 and March 2011 as a driver.  In addition to driving students to and from school in the morning and afternoon, Plaintiff Porter also regularly drove extra trips including field trips, late care runs, and athletic trips.  Plaintiff Porter often worked in excess of 40 hours per week, but did not receive overtime compensation as required by state and federal wage laws.  In addition, Defendant failed to pay Plaintiff Porter for all straight-time hours at his promised hourly wage rate as required by state and federal wage laws.  Plaintiff Porter filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

72.     Plaintiff Rita Powers resides in Little Rock, Arkansas.  She started working for Defendant and its predecessor in approximately 1995 and currently works there.  In 2008 and 2009, Ms. Powers worked as a bench driver.  During the 2009-2010 school year, Ms. Powers was assigned a regular driving route.  In addition to driving students to and from school in the morning and afternoon, Plaintiff Powers also regularly worked as a trainer.   From 2006 to April 2008, Plaintiff Powers worked in the training office full-time as a staff person.  She continued her training work full-time throughout each summer from 2006 to 2010.  Plaintiff Powers often worked in excess of 40 hours per week, but did not receive overtime compensation as required

by state and federal wage laws.  In addition, from May 2008 to 2010, Defendant failed to pay
Plaintiff Powers for all straight-time hours at her promised hourly wage rate as required by state
and federal wage laws.  Plaintiff Powers filed an opt-in consent form to join the Douglas case
pursuant to 29 U.S.C. § 216(b).

73.     Plaintiff Jerome Price resides in Little Rock, Arkansas.  He started working for
Defendant and its predecessor in approximately 1989 and currently works there as a substitute
driver.  Between driving students to and from school in the morning and afternoon, Plaintiff
Price also regularly drove extra trips including metro runs and athletic trips.  Plaintiff Price often
worked in excess of 40 hours per week, but did not receive overtime compensation as required
by state and federal wage laws.  In addition, Defendant failed to pay Plaintiff Price for all
straight-time hours at his promised hourly wage rate as required by state and federal wage laws.
Plaintiff Price filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. §
216(b).

74.     Plaintiff Edmond Rawls resides in Little Rock, Arkansas.  He started working for
Defendant and its predecessor in approximately 2004 and currently works there as a driver.  In
addition to driving students to and from school in the morning and afternoon, Plaintiff Rawls
also regularly drove extra trips including athletic trips.  Between 2006 and 2010, Plaintiff Rawls
occasionally drove late care runs and field trips as well.  Plaintiff Rawls often worked in excess
of 40 hours per week, but did not receive overtime compensation as required by state and federal
wage laws.  In addition, Defendant failed to pay Plaintiff Rawls for all straight-time hours at his
promised hourly wage rate as required by state and federal wage laws.  Plaintiff Rawls filed an
opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

32

75.     Plaintiff J. Lee Robinson resides in Little Rock, Arkansas.  He worked for
Defendant and its predecessor between approximately 1996 and March 2010 as a driver and
trainer.  From 2006 until 2010, between driving students to and from school in the morning and
afternoon, he worked as a trainer.  In addition to training and driving, Plaintiff  Robinson also
regularly drove extra trips including late care runs and athletic trips.  Plaintiff Robinson often
worked in excess of 40 hours per week, but did not receive overtime compensation as required
by state and federal wage laws.  In addition, Defendant failed to pay Plaintiff Robinson for all
straight-time hours at his promised hourly wage rate as required by state and federal wage laws.
Plaintiff Robinson filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. §
216(b).

76.     Plaintiff Marsena Rochelle resides in Menifee, Arkansas. He started working for
Defendant and its predecessor in approximately 1996 and currently works there as a driver. In
addition to driving students to and from school in the morning and afternoon, Plaintiff Rochelle
also regularly trained other drivers from 2006 to 2008.  Between 2006 and 2010, Plaintiff
Rochelle performed clerical duties as well.  Plaintiff Rochelle often worked in excess of 40 hours
per week from 2006 to 2008, but did not receive overtime compensation as required by state and
federal wage laws.  In addition, Defendant failed to pay Plaintiff Rochelle for all straight-time
hours at his promised hourly wage rate as required by state and federal wage laws from 2006-
2007.  Plaintiff Rochelle filed an opt-in consent form to join the Douglas case pursuant to 29
U.S.C. § 216(b).

77.     Plaintiff Walter Scrubbs resides in Little Rock, Arkansas. He started working for
Defendant and its predecessor in approximately 1998 and currently works there as a driver.

Between 2006 and 2009, in addition to driving students to and from school in the morning and afternoon, Plaintiff Scrubbs also regularly drove extra trips including athletic trips five days per week. In 2006, Plaintiff Scrubbs occasionally drove late care runs as well. Plaintiff Scrubbs worked in excess of 40 hours per week, but did not receive overtime compensation as required by state and federal wage laws. In addition, Defendant failed to pay Plaintiff Scrubbs for all straight-time hours at his promised hourly wage rate as required by state and federal wage laws. Plaintiff Scrubbs filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

78.     Plaintiff Lynna Smith resides in Little Rock, Arkansas. She worked for Defendant and its predecessor between approximately 2006 and 2007 as a driver. In addition to driving students to and from school in the morning and afternoon, Plaintiff Smith also regularly drove extra trips including athletic trips and field trips. Plaintiff Smith occasionally drove late care runs and metro runs as well. Plaintiff Smith often worked in excess of 40 hours per week, but did not receive overtime compensation as required by state and federal wage laws. In addition, Defendant failed to pay Plaintiff Smith for all straight-time hours at her promised hourly wage rate as required by state and federal wage laws. Plaintiff Smith filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

79.     Plaintiff Tamuela Smith resides in Little Rock, Arkansas. She worked for Defendant and its predecessor from approximately 2005 until 2008, and then returned in approximately 2010 and currently works there as a driver. In 2007 and 2008, in addition to driving students to and from school in the morning and afternoon, Plaintiff Smith also regularly drove extra trips including field trips and athletic trips. She occasionally drove metro runs as

34

well.   Plaintiff Smith also regularly performed clerical duties in the dispatch office.  In 2007 and

2008, Plaintiff Smith almost always worked in excess of 40 hours per week, but did not receive

overtime compensation as required by state and federal wage laws.  Plaintiff Smith filed an opt-

in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

   80. Plaintiff Herman Stevenson resides in Little Rock, Arkansas. He started working

for Defendant and its predecessor in approximately 2006 and currently works there as a driver.

In addition to driving students to and from school in the morning and afternoon, Plaintiff

Stevenson also regularly drove extra trips including athletic trips and field trips.  Plaintiff

Stevenson occasionally drove metro runs and late care runs as well.  Plaintiff Stevenson worked

in excess of 40 hours per week, but did not receive overtime compensation as required by state

and federal wage laws.  In addition, Defendant failed to pay Plaintiff Stevenson for all straight-

time hours at his promised hourly wage rate as required by state and federal wage laws.  Plaintiff

Stevenson filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

   81. Plaintiff Stacy Talley resides in Little Rock, Arkansas.  She started working for

Defendant and its predecessor in approximately 1995 and currently works there as a driver.  In

addition to driving students to and from school in the morning and afternoon, Plaintiff Talley

also regularly drove extra trips including athletic trips from 2008 to 2010 and field trips from

2006 to 2010. She also trained other drivers during the summer of 2008 on a full-time basis.

Plaintiff Talley almost always worked in excess of 40 hours per week from 2008 to 2010, but did

not receive overtime compensation as required by state and federal wage laws.  In addition,

Defendant failed to pay Plaintiff Talley for all straight-time hours at her promised hourly wage

rate as required by state and federal wage laws.  Plaintiff Talley filed an opt-in consent form to

join the Douglas case pursuant to 29 U.S.C. § 216(b).

82.     Plaintiff Michael Thompson resides in Benton, Arkansas.  He worked for Defendant and its predecessor between approximately 1995 and 2007 as a driver and trainer.  In 2006 and 2007, between driving students to and from school in the morning and afternoon, he worked as a trainer five days per week.  In addition to training and driving, Plaintiff Thompson also regularly drove extra trips including field trips and athletic trips.  He occasionally drove metro runs and performed clerical work as well.  Plaintiff Thompson often worked in excess of 40 hours per week, but did not receive overtime compensation as required by state and federal wage laws.  Plaintiff Thompson filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

83.     Plaintiff Billy Trent resides in Little Rock, Arkansas.  He worked for Defendant and its predecessor between approximately November 2008 and June 2009 as a driver.  In addition to driving students to and from school in the morning and afternoon, Plaintiff Trent occasionally drove late care runs, athletic trips and field trips as well.  Plaintiff Trent worked in excess of 40 hours per week, but did not receive overtime compensation as required by state and federal wage laws.  In addition, Defendant failed to pay Plaintiff Trent for all straight-time hours at his promised hourly wage rate as required by state and federal wage laws.  Plaintiff Trent filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

84.     Plaintiff Milton Washington resides in North Little Rock, Arkansas.  He worked for Defendant from approximately 2005 to 2008.  In addition to driving students to and from school in the morning and afternoon, Plaintiff Washington also regularly drove extra trips including athletic trips from 2006 to 2008.  During the same time, Plaintiff Washington also

occasionally drove field trips and late care runs.  Plaintiff Washington often worked in excess of 40 hours per week, but did not receive overtime compensation as required by state and federal wage laws.  In addition, Defendant failed to pay Plaintiff Washington for all straight-time hours at his promised hourly wage rate as required by state and federal wage laws.  Plaintiff Washington filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

85.     Plaintiff Lynell West resides in Denham Springs, Louisiana.  She worked for Defendant and its predecessor between approximately June 2006 and June 2008 as a driver.  In addition to driving students to and from school in the morning and afternoon, Plaintiff West also regularly drove extra trips including field trips.  Plaintiff West often worked in excess of 40 hours per week, but did not receive overtime compensation as required by state and federal wage laws.  In addition, Defendant failed to pay Plaintiff West for all straight-time hours at her promised hourly wage rate as required by state and federal wage laws.  Plaintiff West filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

86.     Plaintiff Jonathan Westmoreland resides in Little Rock, Arkansas.  He started working for Defendant and its predecessor in approximately July 2008 and currently works there as a driver.  In addition to driving students to and from school in the morning and afternoon, Plaintiff Westmoreland occasionally drove athletic trips and field trips.  Plaintiff Westmoreland often worked in excess of 40 hours per week, but did not receive overtime compensation as required by state and federal wage laws.  In addition, Defendant failed to pay Plaintiff Westmoreland for all straight-time hours at his promised hourly wage rate as required by state and federal wage laws.  Plaintiff Westmoreland filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

87.     Plaintiff Barbara Williams resides in Little Rock, Arkansas. She started working for Defendant and its predecessor in approximately 1993 and currently works there as a driver. In addition to driving students to and from school in the morning and afternoon, Plaintiff Williams also regularly drove extra trips including late care runs and field trips.  Plaintiff Williams worked in excess of 40 hours per week, but did not receive overtime compensation as required by state and federal wage laws.  In addition, Defendant failed to pay Plaintiff Williams for all straight-time hours at her promised hourly wage rate as required by state and federal wage laws.  Plaintiff Williams filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

88.     Plaintiff Jack Williams resides in Little Rock, Arkansas.  He worked for Defendant and its predecessor between approximately 1992 and June 2010.  Between 2006 and 2010, in addition to driving students to and from school in the morning and afternoon, Plaintiff Williams regularly drove field trips and athletic trips.  Between 2006 and 2010, Plaintiff Williams often worked in excess of 40 hours per week, but did not receive compensation as required by state and federal wage laws.  In addition, Defendant failed to pay Plaintiff Williams for all straight-time hours at his promised hourly wage rate as required by state and federal wage laws.  Plaintiff Williams filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

89.     Plaintiff Johnny Williams resides in Little Rock, Arkansas.  He started working for Defendant and its predecessor in approximately 1995 and currently works there as a driver. Since 2009, he's also worked as a dispatcher.  In addition to driving students to and from school in the morning and afternoon, Plaintiff Williams regularly drove extra trips including metro runs

and athletic trips.  He also regularly performed cleaning work.  Between 2006 and 2010, Plaintiff

Williams occasionally drove field trips as well.  Plaintiff Williams often worked in excess of 40

hours per week, but did not receive overtime compensation as required by state and federal wage

laws.  In addition, Defendant failed to pay Plaintiff Williams for all straight-time hours at his

promised hourly wage rate as required by state and federal wage laws.  Plaintiff Williams filed

an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

90.    Plaintiff Rose Williams resides in Little Rock, Arkansas.  She started working for

Defendant and its predecessor in approximately 1990 and currently works there.  From 2006 to

2010, in addition to driving students to and from school in the afternoon as a sub driver, Plaintiff

Williams regularly worked a full shift in the training office.  She also regularly worked as a

classroom training instructor.  She occasionally drove metro runs as well.  From 2006 to 2007,

Plaintiff Williams regularly drove athletic trips.  From 2006 to 2008, she regularly drove late

care runs.  Plaintiff Williams almost always worked in excess of 40 hours per week, but did not

receive overtime compensation as required by state and federal wage laws.  Plaintiff Williams

filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

91.    Plaintiff Cynfranesia Williams-Jackson resides in Mabelvale, Arkansas.  She

worked for Defendant and its predecessor from approximately 1996 until 1998, and then she was

rehired by Defendant in approximately 2009 as a driver.  In addition to driving students to and

from school in the morning and afternoon, Plaintiff Williams-Jackson also regularly drove extra

trips including athletic trips and field trips.  She occasionally drove late care runs as well.

Plaintiff Williams-Jackson often worked in excess of 40 hours per week, but did not receive

overtime compensation as required by state and federal wage laws.  In addition, Defendant failed

to pay Plaintiff Williams-Jackson for all straight-time hours at her promised hourly wage rate as required by state and federal wage laws. Plaintiff Williams-Jackson filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

92.     Plaintiff Bruce Yant resides in Sherwood, Arkansas. He started working for Defendant and its predecessor in approximately July 2005 and currently works there as a driver. In addition to driving students to and from school in the morning and afternoon, Plaintiff Yant also regularly drove extra trips including athletic trips.  Between 2006 and 2010, Plaintiff Yant occasionally drove late care runs and field trips as well.  Plaintiff Yant often worked in excess of 40 hours per week, but did not receive overtime compensation as required by state and federal wage laws.  In addition, Defendant failed to pay Plaintiff Yant for all straight-time hours at his promised hourly wage rate as required by state and federal wage laws.  Plaintiff Yant filed an opt-in consent form to join the Douglas case pursuant to 29 U.S.C. § 216(b).

**B.  Defendant**

93.     Defendant First Student, Inc. ("First Student" or "Defendant") is incorporated under Florida law and is headquartered in Cincinnati, Ohio.  First Student employed Plaintiffs as drivers, dispatchers, trainers, recruiters and in other hourly, non-exempt positions at its Little Rock, Arkansas bus terminal.

94.     At all times relevant to this Complaint, Defendant has been an enterprise engaged in interstate commerce within the meaning of the FLSA, and the employer of Plaintiffs within the meaning of the FLSA and the Arkansas Minimum Wage Act.

40

## IV.  STATEMENT OF FACTS

### A.  Background

95.    First Student is the largest school bus transportation company in North America, carrying more than 4 million students on more than 60,000 school buses to and from school each day.

96.    First Student has contracted and continues to contract school transportation services with the Little Rock School Board to provide the Little Rock, Arkansas school district's bus service.

97.    First Student serves more than 15,700 Little Rock students on approximately 232 different routes and provides extra-curricular transportation for field trips and athletic events.

98.    The Little Rock School District has contracted school transportation service with First Student and its predecessor since 1995.

99.    First Student has assumed all obligations and liabilities from its predecessor corporation, Laidlaw International, Inc.

100.    First Student employs bus drivers, dispatchers, trainers, recruiters and other hourly, non-exempt workers, including Plaintiffs, at its Little Rock Terminal.

### B.  Plaintiffs' A.M. and P.M. Runs

101.    First Student has approximately 232 regular home-to-school bus routes.  The majority of these routes are scheduled to pick up and drop off children who attend neighborhood elementary, middle, or high schools within Little Rock.

102.    Most home-to-school routes are comprised of two runs, including an elementary school run and a middle or high school run.

41

103.    First Student agrees to compensate Plaintiffs for all such route time actually worked during the morning shift (the "A.M. Run") and the afternoon shift (the "P.M. Run"), with a guaranteed minimum of five hours.

104.    During their A.M. Runs, Plaintiffs picked students up at bus stops along their assigned route and dropped them off at one or multiple schools.

105.    During their P.M. Runs, Plaintiffs picked students up from one or multiple schools, and then dropped them off at the bus stops near their homes.

106.    Until recently, in practice, First Student paid Plaintiffs at their hourly rate of pay for two and a half hours for the A.M. Run and two and a half hours for the P.M. Run, regardless of how many hours they actually worked.

107.    In addition to transporting students to and from school, duties for the A.M. and P.M. Runs include required pre-trip and post-trip inspections, fueling, and review of route changes.

108.    Plaintiffs routinely worked longer than two and a half hours per A.M. Run and P.M. Run.

109.    The A.M and P.M Runs took longer than two and a half hours due to required pre-trip and post-trip inspections of their buses, required paperwork for each trip, the time drivers spent waiting for students to be released from school, the time drivers spent transporting their children safely in congested traffic or bad weather, the time drivers spent disciplining students who are not behaving on the bus, and the time drivers spent waiting to park their buses in the lot and perform other work-related functions (for example, fueling or handling mechanical issues).

110.    First Student's National Employee Handbook defines work as "any activity that

42

you are required, requested, or permitted to perform in the interest of the company or for the company's benefit."

111.    First Student failed to pay Plaintiffs for all hours worked under its own definition.

112.    First Student failed until recently to keep accurate records of all hours worked by Plaintiffs, as required by state and federal law.

113.    First Student failed until recently to compensate Plaintiffs for all hours and overtime worked.  Even when Plaintiffs requested that First Student pay them for all hours worked, First Student refused to pay them their lawful wages.

114.    First Student failed until recently to implement an "exception report process" for Plaintiffs to receive pay for hours worked in excess of the fixed "five-hour guarantee."

115.    Without an exception report process, Plaintiffs had no mechanism to seek payment for work performed in excess of five hours for their A.M. and P.M. Runs.

116.    First Student attempted to introduce an exception report process in June 2010.

C.  **Plaintiffs Drove Additional Trips in Addition to Their A.M. and P.M. Runs**

117.    In addition to A.M. and P.M. Runs, Plaintiffs routinely performed additional trips, involving transporting school children outside of their regular A.M. and P.M. Runs.  The additional trips that each specific Plaintiff typically performed are described above.

118.    These additional trips include: athletic trips for games and practices, field trips, metro runs, and late care runs.

119.    During athletic trips, drivers transported student athletes from school to an athletic event and then from the athletic event back to school or to the bus stops near their homes.

120.    During field trips, drivers picked students up at school, transported them to the

43

field trip location (for example, a museum or a zoo), and then transported them back to school.

121.    During metro runs, drivers transported students to and from the Metropolitan Vo-Tech School, a vocational school serviced by First Student during the day.

122.    During late care runs, drivers transported students from school to after-school activities (for example, tutoring) following their P.M. Runs.

123.    Plaintiffs were also often asked to pick up extra students who missed the bus after Plaintiffs completed their A.M. or P.M. Runs.  Plaintiffs either received a flat rate or were not compensated for these extra pick-ups and drop-offs.

124.    First Student did not compensate Plaintiffs for all of the time worked in connection with these additional trips.

125.    First Student failed until recently to accurately track all hours worked to perform these extra trips.

126.    Plaintiffs were paid different rates for performing these extra trips.

127.    Plaintiffs routinely worked longer than the time they were paid for their extra trips.

**D.  Some PlaintiffsAlso Performed Non-Revenue Tasks**

128.    Some Plaintiffs also performed other tasks for First Student during the day.  First Student refers to these tasks as "Non-Revenue" tasks.

129.    Non-Revenue tasks included, without limitation, dispatch work, training of other drivers, clerical work, and bus washing.  First Student paid Plaintiffs an hourly rate for performance of these tasks.

130.    First Student also required Plaintiffs to perform other tasks throughout the year,

including drug testing, attending safety meetings, and attending disciplinary meetings with students at their schools.  First Student paid Plaintiffs an hourly rate for performance of these tasks.

131.   First Student agreed to pay Plaintiffs who also worked as dispatchers and trainers at an hourly rate for all time worked.

132.   Despite this agreement, in practice, First Student refused to pay Plaintiffs who performed these tasks for all hours actually worked.

133.   Plaintiffs who also worked as dispatchers and trainers routinely work longer than the fixed number of hours they are paid.

**E.  First Student Refused to Aggregate the Hours Worked on Athletic Trips, Field Trips, Metro Runs, Late Care Runs, and Extra Trips**

134.   First Student had a uniform policy of failing to pay overtime to Plaintiffs in weeks when they worked more than 40 hours per week.

135.   First Student refused to count as "hours worked" for purposes of calculating overtime any athletic trips, field trips, metro runs, late care runs, and extra runs performed by Plaintiffs.

136.   Instead of counting these activities as hours worked for purposes of determining overtime, First Student would not fill in the "hours worked" section of its payroll spreadsheet.

137.   First Student did not, until recently, aggregate weekly time spent by Plaintiffs who performed multiple kinds of work, in order to avoid paying Plaintiffs overtime as required by state and federal law.

138.   Beginning in the 2010-2011 school year, First Student purportedly began aggregating some amount of time associated with athletic trips, field trips, metro runs, late care

45

runs and extra runs as "hours worked" for purposes of calculating overtime. First Student still failed to pay Plaintiffs for all work associated with performing these tasks.

139.    Even when First Student began aggregating the time spent on all tasks actually performed by Plaintiffs, it failed to include all hours worked, and failed to pay overtime for hours worked in excess of forty hours per week.

## F.    Plaintiffs are Entitled to be Paid for All Hours Worked

140.    Plaintiffs' principal work activities, including all athletic trips and field trips, are conducted intrastate within the State of Arkansas.

141.    The transportation of school children to school and school-related events is not exempt from the overtime provisions of the FLSA or Arkansas law. Plaintiffs are covered by the overtime requirements of the FLSA and Arkansas law, both of which provide that all hours worked in excess of 40 hours per week are "overtime" hours, payable at a rate of one and one-half times the regular hourly rate.

142.    First Student failed to pay Plaintiffs in full for all hours worked, and for all overtime work. This is compensation they are entitled to receive under state and federal law.

143.    First Student's denial of legal wages and overtime compensation to Plaintiffs is, and has been, willful and deliberate.

144.    First Student has also failed to pay Plaintiffs for all hours worked at their promised regular hourly rate for non-overtime hours, as required by state and federal law.

## V.    TOLLING THE STATUTE OF LIMITATIONS

145.    Each of the Plaintiffs' applicable statutes of limitation are tolled. All Plaintiffs were putative class members in *Douglas, et al. v. First Student,* No. 4:09-cv-0652, which was

filed on July 31, 2009, in the Eastern District of Arkansas.  On August 23, 2012, the *Douglas* court decertified the conditionally certified class and dismissed without prejudice the claims of the FLSA opt-in plaintiffs.  Also on August 23, 2012, the *Douglas* court denied Plaintiffs' motion for Class Certification under Fed. R. Civ. P. 23 as to both classes sought by Plaintiffs (overtime under Arkansas Minimum Wage Act ("AMWA") and unjust enrichment).

146.    The applicable prescription periods for the AMWA and unjust enrichment claims were tolled for the putative Rule 23 class members while the *Douglas* case had the potential to proceed on a Rule 23 class basis as to those claims.  *See, e.g., American Pipe & Const. Co. v. Utah,* 414 U.S. 538, 553-554 (1974).

147.    Similarly, the applicable prescription periods for the FLSA claims of those individuals who filed opt-in consent forms were tolled as of the date each individual filed his or her consent form.

148.    In addition, on September 12, 2012, the parties in *Douglas* agreed that – with respect to individuals who previously submitted opt-in consent forms in the FLSA collective action and individuals who were Rule 23 putative class members – the statute of limitation periods for their claims under the FLSA, AMWA, and for unjust enrichment under Arkansas law would be tolled for 45 days from August 23, 2012 to October 7, 2012.

## COUNT I

### FAIR LABOR STANDARDS ACT
**(Denial of Wages, Overtime Compensation and Minimum Wage under Federal Law)**
**(ON BEHALF OF ALL PLAINTIFFS)**

149.    Plaintiffs re-allege and incorporate the above paragraphs as though fully set forth herein.

150.    Defendant violated the FLSA by knowingly failing to maintain records of all hours worked.

151.    Defendant violated the FLSA by knowingly failing to compensate Plaintiffs for all hours worked and by knowingly failing to compensate Plaintiffs at a rate of one and one-half times their regular hourly wage for hours worked in excess of 40 hours per week in violation of 29 U.S.C. § 207(a)(1).

152.    Defendant's actions were willful.

153.    Defendant is therefore liable to Plaintiffs, under 29 U.S.C. § 216(b) of the FLSA, for their unpaid wages and unpaid overtime compensation, plus an additional equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

## COUNT II

### ARKANSAS MINIMUM WAGE ACT
### (Failure to Pay Promised Wage for All Hours Worked
### and Denial of Overtime Compensation)
### (ON BEHALF OF ALL PLAINTIFFS)

154.    Plaintiffs re-allege and incorporate the above paragraphs as though fully set forth herein.

155.    The foregoing conduct, as alleged, violated the Minimum Wage Act of the State of Arkansas, A.C.A. §§ 11-4-201, *et seq.*

156.    At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of A.C.A. § 11-4-203.  Plaintiffs are employees within the meaning of A.C.A. § 11-4-203.

157.    As a result of Defendant's failure to pay and decision to withhold wages earned

48

and due to its non-exempt current and former hourly employees in the State of Arkansas,

including Plaintiffs, for all work performed, at the regular hourly wage rate, and for all work

performed at the applicable overtime rate for work over 40 hours in a week, Defendant has

violated and continues to violate A.C.A. § 11-4-211.

158.    As a result of Defendant's failure to record, report, credit and furnish to each of

its non-exempt hourly employees, including Plaintiffs, their respective wage and hour records

showing all wages earned and due for all work performed, Defendant has violated and continues

to violate A.C.A. § 11-4-217.

159.    Plaintiffs therefore seek damages in the amount of the respective unpaid wages

earned and due at the regular hourly wage rate, and at a rate not less than one and one-half times

the regular rate of pay for work performed in excess of 40 hours in a workweek, plus attorneys'

fees and costs of this action, as provided by A.C.A. § 11-4-218, along with any other legal and

equitable relief the Court deems just and proper.

## COUNT III

### VIOLATION OF ARKANSAS STATE LAW
**(Breach of Contract)**
**(ON BEHALF OF PLAINTIFFS --- THOMAS ABBOTT, STEPHANIE AGEE, NATHANIEL ALEXANDER, RAYMOND ALEXANDER, HAROLD ALLEN, TAMIKA ANDERSON, KHADIJAH AQUIL, SANDRA BELL, CARL BOSTIC, EDDIE BOYKIN, HOWARD BOYKIN, THELMA BRADLY, RAY BRANCH, NATASHA BROWN, SHARON CARDEN, ENOVER CARSON, DE SHERYLL CLARK, RAYMOND COBBS, YOSHIKO COLLINS, ELLA CRAIG, JARRIAN CRAVENS, MYRON CROMARTIE, HERBERT CRUTCHFIELD, CHRISTINA DANIELS, MARY DEWITT, DYLAN DIXON, LASHE DIXON, ROLAND EKSTROM, ALICIA ERVIN, MABLE FAIR, MABLE FUTRELL, RICHARD HARPER, KENNETH HARRIELL, DANIELLE HARRIS, JAMES HAYES, BERNICE HOLLY, THERESA HOWARD, JULIANNE IVY, KATANDRA JACKSON, RONALD JOHNSON, MARY JONES, MICHELLE JONES, LLOYD KELLEYBREW, JOHN E. LAMB, SR., COREY LOVELACE, VICKIE MASSEY, LATANYA MATTHEWS, TERRY MCDANIEL, BERTHA MITCHELL, EDDIE MOORE, SHANISE OLIVER, SHARON OLIVER, NATASHA POE, WALTER**

PORTER, RITA POWERS, JEROME PRICE, EDMOND RAWLS, J. LEE ROBINSON, MARSENA ROCHELLE, WALTER SCRUBBS, LYNNA SMITH, HERMAN STEVENSON, STACY TALLEY, BILLY TRENT, MILTON WASHINGTON, LYNELL WEST, JONATHAN WESTMORELAND, BARBARA WILLIAMS, JACK WILLIAMS, JOHNNY WILLIAMS, CYNFRANESIA WILLIAMS-JACKSON, and BRUCE YANT)

160.     Plaintiffs re-allege and incorporate the above paragraphs as though fully set forth herein.

161.     Defendant made definite statements to Plaintiffs about its pay policies for A.M. and P.M. Runs through its employee handbooks, company documents, and other verbal and written communications.

162.     Defendant's pay policies for A.M. and P.M. Runs provided that Defendant would pay Plaintiffs for a minimum of five hours at their hourly rate for all time worked performing A.M. and P.M. Runs.

163.     Defendant's pay policy for A.M and P.M. Runs constitute an enforceable agreement between Defendant and Plaintiffs.

164.     Plaintiffs justifiably relied on Defendant's definite statements regarding its pay policy for A.M. and P.M. Runs.

165.     Despite Defendant's promises, Defendant ignored its pay policy and only paid Plaintiffs for five hours for their A.M. and P.M. Runs.

166.     Plaintiffs were damaged by Defendant's breach in that they were not compensated for all hours worked in excess of five hours on their A.M. and P.M. Runs.

167.     Plaintiffs are entitled to recover all wages in excess of five hours for their A.M. and P.M Runs, and all other damages resulting from this breach of contract.

168.     Plaintiffs' breach of contract claim is limited to the time period before December

50

25, 2008, the day before Defendant entered into a Collective Bargaining Agreement ("CBA")

with its non-exempt hourly employees.

## COUNT IV

### VIOLATION OF ARKANSAS STATE LAW
#### (Unjust Enrichment)
**(ON BEHALF OF PLAINTIFFS --- THOMAS ABBOTT, STEPHANIE AGEE, NATHANIEL ALEXANDER, RAYMOND ALEXANDER, HAROLD ALLEN, TAMIKA ANDERSON, KHADIJAH AQUIL, SANDRA BELL, CARL BOSTIC, EDDIE BOYKIN, HOWARD BOYKIN, THELMA BRADLY, RAY BRANCH, NATASHA BROWN, SHARON CARDEN, ENOVER CARSON, DE SHERYLL CLARK, RAYMOND COBBS, YOSHIKO COLLINS, ELLA CRAIG, JARRIAN CRAVENS, MYRON CROMARTIE, HERBERT CRUTCHFIELD, CHRISTINA DANIELS, MARY DEWITT, DYLAN DIXON, LASHE DIXON, ROLAND EKSTROM, ALICIA ERVIN, MABLE FAIR, MABLE FUTRELL, RICHARD HARPER, KENNETH HARRIELL, DANIELLE HARRIS, JAMES HAYES, BERNICE HOLLY, THERESA HOWARD, JULIANNE IVY, KATANDRA JACKSON, RONALD JOHNSON, MARY JONES, MICHELLE JONES, LLOYD KELLEYBREW, JOHN E. LAMB, SR., COREY LOVELACE, VICKIE MASSEY, LATANYA MATTHEWS, TERRY MCDANIEL, BERTHA MITCHELL, EDDIE MOORE, SHANISE OLIVER, SHARON OLIVER, NATASHA POE, WALTER PORTER, RITA POWERS, JEROME PRICE, EDMOND RAWLS, J. LEE ROBINSON, MARSENA ROCHELLE, WALTER SCRUBBS, LYNNA SMITH, HERMAN STEVENSON, STACY TALLEY, BILLY TRENT, MILTON WASHINGTON, LYNELL WEST, JONATHAN WESTMORELAND, BARBARA WILLIAMS, JACK WILLIAMS, JOHNNY WILLIAMS, CYNFRANESIA WILLIAMS-JACKSON, and BRUCE YANT)**

169.    Plaintiffs re-allege and incorporate the above paragraphs as though fully set forth

herein.

170.    If the Court does not find that Plaintiffs had a contract with Defendant, Defendant

received and benefitted from the uncompensated labor of Plaintiffs, and for Defendant to retain

these benefits without compensation would be inequitable and would rise to the level of unjust

enrichment.

171.    Plaintiffs were not compensated for the work they performed over five hours on

their A.M. and P.M. Runs.

172.   Defendant received and benefited from Plaintiffs' off-the-clock work.

173.   To allow Defendant to retain such benefits would be inequitable and would rise to the level of unjust enrichment.

174.   At all relevant times, Defendant devised and implemented a plan to increase its earnings and profits by fostering a scheme of securing uncompensated work from Plaintiffs.

175.   Defendant's compensation policy provided that each Plaintiff was entitled to be paid for all hours worked on his or her A.M. and P.M. Runs.

176.   In practice, however, Defendant unilaterally capped Plaintiffs' compensation at five hours per day, even when their A.M. and P.M. Runs took longer than five hours to perform.

177.   Defendant secured the work and efforts of Plaintiffs without compensation. As a result, Defendant enjoyed reduced overhead and operation costs at its Little Rock, Arkansas terminal, and therefore realized additional earnings and profits to its own benefit and to the detriment of Plaintiffs.

178.   Defendant retained and continued to retain such benefits contrary to the fundamental principles of justice, equity, and good conscience.

179.   Plaintiffs are entitled to be paid for all hours worked in excess of five hours for their A.M. and P.M Runs, and all other damages arising out Defendant's failure to pay Plaintiffs for their services.

180.   Plaintiffs' unjust enrichment claim is limited to the time period before December 25, 2008, the day before Defendant entered into a Collective Bargaining Agreement ("CBA") with its non-exempt hourly employees.

## PRAYER FOR RELIEF

52

WHEREFORE, Plaintiffs request that this Court:

a.     Enter a declaratory judgment that Defendant violated Plaintiffs' rights under the FLSA and the Arkansas Minimum Wage Act;

b.     Enjoin Defendant to comply with all applicable state wage laws;

c.     Award to each Plaintiff his or her unpaid wages, including overtime wages, plus liquidated damages, as required by the FLSA and the Arkansas Minimum Wage Act;

d.     Award to each Plaintiff his or her unpaid wages due as a result of Defendant First Student's breach of contract.

e.     Award damages corresponding to the reasonable value of the services rendered to Defendant First Student whereby Defendant was unjustly enriched;

f.     Award to Plaintiffs their costs and attorneys' fees incurred in this action, as provided in 29 U.S.C. § 216(b), and Ark. Code Ann. §§ 11-4-218; and

g.     Grant such other and further relief as the court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury for all issues of fact.

Date:   November 15, 2012

Respectfully submitted,

BERGER & MONTAGUE, P.C.

SHANON J. CARSON
SARAH R. SCHALMAN-BERGEN
Berger & Montague, P.C.
1622 Locust St.
Philadelphia, PA 19103
Tel: 215.875.4656

SCHNEIDER WALLACE COTTRELL
BRAYTON KONECKY LLP
TODD M. SCHNEIDER
CAROLYN H. COTTRELL
Schneider Wallace
Cottrell Brayton Konecky LLP
180 Montgomery St., Suite 2000
San Francisco, CA 94104
Tel: 415.421.7100

BROWN, GOLDSTEIN & LEVY, LLP
C. CHRISTOPHER BROWN
BROOKE E. LIERMAN
Brown, Goldstein & Levy, LLP
120 E. Baltimore St., Suite 1700
Baltimore, MD 21202
Tel: 410.962.1030

*Attorneys for Plaintiffs*