**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | | |
|---|---|---|
| THOMAS ABBOTT, *et al.,* | : | Civil No. 4:12-CV-00726-BSM |
| Plaintiffs, | : | |
| v. | : | |
| FIRST STUDENT, INC., | : | |
| Defendant. | : | |
| ALONZO BENNETT, *et al.,* | : | Civil No. 4:12-CV-00798-BSM |
| Plaintiffs, | : | |
| v. | : | |
| FIRST STUDENT, INC., | : | |
| Defendant. | : | |

**JOINT STIPULATION REQUESTING
APPROVAL OF SETTLEMENT AND DISMISSAL OF THE CASE**

Plaintiffs and Defendant First Student, Inc., ("Defendant"), jointly stipulate and agree as follows:

1.      Plaintiffs filed these cases against Defendant First Student, Inc. ("Defendant"), challenging Defendant's policies and practices of failing to compensate its drivers at its Little Rock, Arkansas school bus terminal (the "Little Rock Terminal") for unpaid overtime and straight time hours worked in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.,* and the Arkansas Minimum Wage Act ("AWMA"), Ark. Code Ann. §§ 11-4-201, *et seq.*, and under common law unjust enrichment and breach of contract.

2.    After extensive settlement negotiations with the assistance of U.S. Magistrate Judge Joe Volpe, the parties reached a settlement for the claims of the 112 Plaintiffs in both the *Abbott* and *Bennett* matters.

3.    Each of the 112 Plaintiffs in both the *Abbott* and *Bennett* matters, and Defendant have executed a settlement agreement resolving their claims in this case.   Copies of the Settlement Agreements are being filed under seal with this Motion as Exhibits 1 through 112. Defendant shall file a Motion For Leave To File Documents Under Seal.   Pursuant to the terms of the Settlement Agreement, Plaintiffs shall not oppose Defendant's Motion.

4.    Under the FLSA, claims by employees for back wages can be settled in only two ways: (1) the Secretary of Labor is authorized under 29 U.S.C. § 216(c) to supervise payment of unpaid wages to employees, and (2) employees may bring suit against their employers for such wages pursuant to 29 U.S.C. § 216(b).   *See, e.g., Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1352-53 (11th Cir. 1982).   If an employee brings a private action and presents to the district court a proposed settlement, the district court may enter judgment after scrutinizing the settlement for fairness.   *Brown v. L & P Indus., LLC*, No. 5:04CV0379JLH, 2005 WL 3503637, at *8 (E.D. Ark. Dec. 21, 2005).

5.    The parties believe that the settlement represents a fair and equitable compromise of a *bona fide* wage and hour dispute.   *See Brown*, 2005 WL 3503637, at *8 (*Hill v. World Wide Tech. Holding Co., Inc.*, No. 4:11-cv-02108-AGF, 2012 WL 5285927, at *1 (E.D. Mo. Oct. 25, 2012) (holding that as long as the Court is satisfied that a settlement reached in adversarial proceedings represents a fair and equitable compromise of a *bona fide* wage and hour dispute, the settlement may be approved, and stipulated judgment entered).

6.    Pursuant to the terms of the Settlement Agreements, Defendant will issue

2

payments to Plaintiffs within fourteen (14) calendar days after this Court enters an order approving the terms of this settlement and enters an order of dismissal with prejudice as to all Plaintiffs in the above captioned cases.

7.      The proposed settlement does not address any issues regarding Plaintiffs' counsels' attorneys' fees and costs in the above captioned actions or in the related action *Douglas, et al. v. First Student*, No. 4:09-cv-0652-BSM (E.D. Ark.) (the "*Douglas* action").

8.      On July 2, 2013, the Court entered an order approving the settlement agreement reached on behalf of the four named plaintiffs in the *Douglas* action. *Douglas* Docket No. 257.

9.      As part of the settlement agreement in the *Douglas* action, the parties agreed that the settlement did not address or resolve any issues as to any of the four named plaintiffs, and/or their counsels' claims for an award of attorneys' fees or reimbursement of expenses as a prevailing party pursuant to the Fair Labor Standards Act and/or the Arkansas Minimum Wage Act. *Douglas* Docket No. 260 at ¶ 2.  As part of the settlement agreement, the parties further agreed that they each reserved their respective rights on all such issues, except that First Student and/or its counsel would not dispute that the four named plaintiffs are "prevailing parties," within the meaning of the applicable law under the FLSA and AMWA only as to their respective individual personal claims to the extent of the amounts they obtain under the court-approved settlement. *Id.* ¶ 3.

10.     On July 2, 2013, the Court set aside the entered judgment and reopened the case in the *Douglas* action pending the resolution of the plaintiffs' claims for attorneys' fees and costs. *Douglas* Docket No. 259.

11.     On September 16, 2013, the parties entered into a stipulation that Plaintiffs will petition the Court for recovery of attorneys' fees and costs incurred in the *Douglas* action

3

following the conclusion of the above-captioned related cases.  *Douglas* Docket No. 260.  In so stipulating, both parties preserved all substantive arguments for and against said fee petition.  *Id.* However, Defendant First Student, Inc. agreed that by so stipulating, it waived any arguments challenging the timeliness of said fee petition as long as the fee petition is timely filed in the *Abbott* and *Bennett* cases.  *Id.*

12.     While all parties reserve their respective rights on all such issues, Defendant agrees that it will not dispute that the *Abbott* and *Bennett* Plaintiffs are "prevailing parties," within the meaning of the applicable law under the FLSA and AMWA only as to their respective individual personal claims to the extent of the amounts they obtain under the settlement.

13.     Plaintiffs shall file their Motion for Attorneys' Fees and Costs by no later than August 15, 2014.  Defendant shall file its opposition by no later than September 10, 2014, and Plaintiffs shall file their reply by no later than September 24, 2014.

14.     The parties have scheduled mediation with Judge Volpe to continue negotiations of Plaintiffs' claims for attorneys' fees and costs in the *Douglas* action and the above captioned actions on August 19, 2014.  If the parties reach agreement regarding the appropriate amount to reimburse Plaintiffs' counsel for their attorneys' fees and costs, the parties will submit that amount to the Court for approval.

15.     The parties agree, and Plaintiffs stipulate that final judgment will be entered dismissing this action with prejudice, reserving only the issue of attorneys' fees and expenses, and that Defendant shall bear its own attorneys' fees and costs.

16.     The parties have submitted an accompanying proposed order for the Court's consideration.

WHEREFORE, the parties respectfully request that the Court enter the accompanying

order, dismissing the cases with prejudice, and reserving the issue of attorneys' fees and

expenses.

Respectfully submitted this 15th day of July, 2014.

/s/ Sarah R. Schalman-Bergen
BERGER & MONTAGUE, P.C.
Shanon J. Carson
Sarah R. Schalman-Bergen
1622 Locust Street
Philadelphia, PA 19103-6365
Telephone: (215) 875-4656
Email: scarson@bm.net
Email: sschalman-bergen@bm.net

Todd M. Schneider
Carolyn H. Cottrell
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, CA 94104-4207
Telephone:  (415) 421-7100
Email: ccottrell@schneiderwallace.com
Email: tschneider@schneiderwallace.com

BROWN, GOLDSTEIN & LEVY, LLP
Andrew D. Freeman
Brooke E. Lierman
120 E. Baltimore St., Suite 1700
Baltimore, MD  21202
Telephone:  (410) 962-1030
Email: adf@browngold.com
Email: blierman@browngold.com

*Attorneys for Plaintiffs*

/s/ Allan G. King
Allan G. King
LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201-2931
214-880-8100
Email: agking@littler.com

LITTLER MENDELSON, P.C.
Michael T. Grosso
One Newark Center
1085 Raymond Boulevard
Suite 800
Newark, NJ 07102
973-848-4700
Email: mgrosso@littler.com

JACKSON LEWIS LLP
L. Dale Owens
Justin R. Barnes
1155 Peachtree Street
Suite 1000
Atlanta, Georgia  30309-3600

WADDELL, COLE & JONES, P.A.
Paul D. Waddell
300 South Church Street
Third Floor
P.O. Box 1700
Jonesboro, Arkansas 72403
Telephone: 870-931-1700
pwaddell@wcjfirm.com

*Attorneys for Defendant*